IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-10-95-C |
| ) | CIV-12-388-C |
| DOROTEO RENDON-MARTINEZ, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

On April 10, 2012, Defendant filed a 28 U.S.C. § 2255 motion, seeking to vacate, set aside, or correct his sentence. In support of his request, Defendant argues that his trial counsel was ineffective by advising Defendant to stipulate to every element of the charged crimes, failing to raise an affirmative defense of justified handling of the revolver, and failing to move to suppress ammunition found in Defendant's house, which, Defendant argues, was obtained in violation of the Fourth Amendment.

Defendant's claims are governed by the two-pronged analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, Defendant must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. Second, Defendant must demonstrate that the deficient performance resulted in prejudice to his defense. Id. at 687. In considering the first prong, the Court is mindful that a strong presumption exists that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To establish the second prong, Defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial." Id. at 687.

In other words, Defendant must establish "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. With these standards in mind, the Court considers the issues raised by Defendant.

Defendant argues that counsel's advice that Defendant stipulate to every element of the charged crime "for no apparent possible benefit" was unjustified. (Def.'s Br., Dkt. No. 62 Ex. 1, at 4.) Defendant also criticizes the failure to use a translator during communications between Defendant and his counsel as another basis for ineffective assistance of counsel. Specifically, Defendant contends that his counsel took advantage of Defendant's inability to understand English to obtain Defendant's agreement to stipulate to the elements of the crime charged. (Def.'s Reply, Dkt. No. 66, at 2.)

But, as pointed out by the Government, Defendant received a two-point reduction in his sentencing guideline for his acceptance of responsibility and preserved his right to appeal by not signing a plea agreement. See United States v. Vigil, 644 F.3d 1114, 1122 n.5 (10th Cir. 2011) (discussing sentence reductions under U.S.S.G. § 3E1.1). Additionally, Defendant did not contest his possession of the gun or his status as an illegal alien and felon, and three police officers witnessed Defendant handling the revolver when Defendant threw the weapon on the porch. In light of this evidence and the benefits of stipulating to the elements of the crime charged, it was not below an objective standard of reasonableness for Defendant's counsel to advise Defendant to stipulate to the elements charged. Even if such advice could be categorized as falling below the standard of reasonableness, it did not cause sufficient prejudice in light of the evidence of Defendant's possession of the revolver.

Defendant also argues that his counsel's failure to raise the affirmative defense of justification and failure to seek suppression of ammunition found are grounds for finding his Sixth Amendment rights were violated. On direct appeal the Tenth Circuit determined that even if Defendant had raised his justification defense at the trial stage, "it appear[ed] from this record that [Defendant] was guilty of violating § 922(g)(1) even before he picked up the revolver." Order, United States v. Rendon-Martinez, 437 F. App'x 685, 687 (10th Cir. 2011). The Tenth Circuit additionally found that Defendant's failure to seek suppression of the found ammunition would not have affected his conviction in light of the evidence regarding his possession of the revolver, which alone was sufficient to convict under § 922(g)(1). Id. at 688 ("If the district court had suppressed all the evidence from the search, the undisputed (and admissible) evidence that he possessed the revolver would, by itself, be sufficient to convict him of violating § 922(g)(1)."). These findings on appeal are dispositive of any claim of harm arising from trial counsel's alleged failures to properly address or raise these claims. Thus, Defendant's arguments of ineffective assistance on these issues are without merit as he cannot show "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Although Defendant requested an evidentiary hearing, the Court finds one unnecessary because resolution of his arguments is possible on the existing record. See United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000) (citing United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996)). As set forth more fully herein, Defendant's

Motion to Vacate, Correct, or Amend the Petitioner's Sentence Under 28 U.S.C. § 2255 (Dkt. No. 62) is DENIED. A Judgment will enter accordingly.

IT IS SO ORDERED this 1st day of June, 2012.

*ROBIN J. CAUTHRON*
United States District Judge