IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Case No. | CR-10-95-C |
| | ) | | CIV-18-1196-C |
| DOROTEO RENDON-MARTINEZ, | ) | | |
| | ) | | |
| Defendant. | ) | | |

# **ORDER OF DISMISSAL**

Before the Court is "Petitioner Motion and Memorandum . . . of His Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2255(F)(3). (Dkt. No. 91.) This filing is Defendant's second attempt to obtain relief pursuant to 28 U.S.C. § 2255. Defendant filed his first § 2255 motion on April 10, 2012 (Dkt. No. 62). The Court denied the motion on June 1, 2012 (Dkt. No. 67), and the Tenth Circuit denied Defendant's request for a Certificate of Appealability on September 27, 2012 (Dkt. No. 82).

Consistent with Rule 4, Rules Governing §2255 Proceedings, 28 U.S.C. App., the Court has promptly examined the present motion and the records of this case and, as it plainly appears from the record that Defendant's motion is brought under § 2255 and that it is second or successive, the Court must, in the interests of justice, either transfer the action to the Tenth Circuit Court of Appeals for the proper authorization or dismiss it for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1251-52 (10th Cir. 2008). The Court finds dismissal is proper.

Defendant's Motion is premised on his determination that the Supreme Court's decisions in Sessions v. Dimaya, ___ U.S. ___, 138 S.Ct. 1204 (2018); Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551 (2015); and Leocal v. Ashcroft, 543 U.S. 1 (2004), have rendered all of 18 U.S.C. § 924(e) void as unconstitutionally vague. Defendant's argument lacks support. In Johnson, the Supreme Court held the residual clause of the ACCA was void as vague. Johnson, 135 S.Ct. at 2563. Dimaya applied Johnson and held the residual clause found in 18 U.S.C. § 16(b) also unconstitutional. Finally, Leocal considered whether violation of a Florida law was a crime of violence. None of these cases affected the validity of the portion of 18 U.S.C. § 924(e)(1) which increased Defendant's sentence because of his three prior drug offense convictions. Indeed, the Tenth Circuit continues to apply the drug offense portion of § 924(e)(1) to find application of the ACCA appropriate. See United States v. Johnson, 732 F. App'x 704 (10th Cir. 2018), and United States v. Brunken, 722 F. App'x 822 (10th Cir. 2018).

Because Defendant has failed to demonstrate any constitutional infirmity in the statute enhancing his sentence, his attempt to pursue a second habeas action is without merit. Accordingly, Defendant's § 2255 Motion (Dkt. No. 91) is DISMISSED without prejudice.

IT IS SO ORDERED this 18th day of December 2018.

ROBIN J. CAUTHRON
United States District Judge